**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTHEAST PLASTIC SURGERY PLLC,<br><br>Plaintiffs,<br><br>-v.-<br><br>BLUECROSS BLUESHIELD OF ILLINOIS,<br><br>Defendant. | Civ. No.: 24-cv-9148<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as Rule 81.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant Health Care Service Corporation ("HCSC"), a Mutual Legal Reserve Company, operating in Illinois and incorrectly named as Blue Cross and Blue Shield of Illinois ("BCBSIL"), removes this action from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York. Removal is proper because this Court has diversity jurisdiction given that the parties are completely diverse and the amount in controversy exceeds $75,000.

In support of this Notice of Removal, HCSC states the following:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

1. On October 25, 2024, Plaintiff Northeast Plastic Surgery PLLC ("Plaintiff") commenced an action against HCSC by filing a Summons and Complaint in the Supreme Court of the State of New York, New York County entitled *Northeast Plastic Surgery PLLC v. BlueCross BlueShield of Illinois*, bearing the Index Number 655669/2024 (the "State Court Action").

2. HCSC received a copy of the Summons and an incomplete copy of the Complaint on October 30, 2024.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**, and true and correct copies of exhibits A-E to the Complaint are attached hereto as **Exhibits B-F**.

4. In the State Court Action, Plaintiff seeks $146,627.31 in additional compensation for medical services based on a single cause of action for promissory estoppel.

5. No further pleadings have been filed, and no proceedings have yet occurred in the State Court Action.

## II.   DIVERSITY JURISDICTION

6. The Supreme Court has defined diversity jurisdiction as follows: "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

7. This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is completely diverse from HCSC, and Plaintiff seeks monetary damages from HCSC in an amount greater than $75,000.

### A. The Parties are Diverse

8. BCBSIL is an unincorporated division of HCSC, a Mutual Legal Reserve Company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.  Therefore, HCSC, including its division BCBSIL, is a citizen of Illinois.

9. Plaintiff is a professional service limited liability company based in New York, New York.  Exhibit A, Complaint at ¶ 1.  "The citizenship of a limited liability corporation is determined by the citizenship of each of its members." *Handelsman v. Bedford Vill. Assocs. Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000).  After reasonable attempts to determine the identities of the members of Plaintiff, and upon information and belief, HCSC has determined and

alleges that Plaintiff is professional service limited liability company whose members are citizens of the State of Connecticut.

10. Thus, HCSC, a citizen of Illinois, is completely diverse from Plaintiff, a citizen of Connecticut.

### B. The Amount in Controversy is Over $75,000

11. To invoke the diversity jurisdiction of the federal district courts, the amount in controversy must exceed $75,000 in value. 28 U.S.C. § 1332(a). Here, Plaintiff explicitly alleges that "Plaintiff has been damaged in the amount of $146, 627.31." Exhibit A, Complaint at ¶ 29. Therefore, it is facially apparent from the allegations of the Complaint that Plaintiff seeks damages in an amount that exceeds the jurisdictional amount.

12. Accordingly, complete diversity exists between the parties and the amount in controversy exceeds $75,000. Thus, this Court may exercise diversity jurisdiction over the case. 28 U.S.C. § 1332(a)(1).

## III. TIMELY REMOVAL

13. HCSC was received a copy of the Summons and an incomplete copy of the Complaint on October 30, 2024, and was served no earlier than that date. In compliance with 28 U.S.C. § 1446(b)-(c), HCSC has timely removed the case to federal court within thirty (30) days of receiving notice of the Complaint.

## IV. VENUE IN THIS COURT IS PROPER

14. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is properly filed in the United States District Court for the Southern District of New York.

15. Plaintiff originally filed the State Court Action in the Supreme Court of the State of New York, New York County, which is located within the district of the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 112. Therefore, the United States

District Court for the Southern District of New York is the proper venue to where this action should be assigned because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## V. COMPLIANCE WITH ADDITIONAL REMOVAL PROCEDURES

16. HCSC has fully complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446.

17. In accordance with 28 U.S.C. § 1446(a), HCSC has filed a copy of all process, pleadings, and orders on file in the State Court Action with this Notice of Removal. *See* Exhibits A-E.

18. Pursuant to 28 U.S.C. § 1446(d), HCSC will provide this written Notice of Removal to Plaintiff, by sending it to Plaintiff's named attorney as identified in the Complaint, and will promptly file a copy of this Notice of Removal in the Supreme Court of New York, New York County, before which the State Court Action is pending.

19. No previous request has been made for the relief requested herein.

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of HCSC's right to assert any defense or affirmative matter, all of which are expressly reserved, including the right to amend or supplement this Notice of Removal.

**WHEREFORE**, HCSC removes the action bearing Index Number 655669/2024 from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York.

Dated: November 29, 2024
      New York, New York

                              **REED SMITH LLP**

                              */s/ Benjamin C. Watson*

                              Benjamin C. Watson
                              Jillian L. Fitzpatrick
                              599 Lexington Ave.
                              New York, New York 10022
                              Tel. (212) 521-5400
                              bwatson@reedsmith.com
                              jfitzpatrick@reedsmith.com

                              *Attorneys for Defendant*

TO:    Joseph G. Devine
          GOTTLIEB & GREENSPAN, LLC
          17-17 Route 208, Suite 250
          Fair Lawn, New Jersey 07410

          *Attorneys for Plaintiff*
          *Northeast Plastic Surgery PLLC*