```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NORTHEAST PLASTIC SURGERY PLLC,       :
                                      :
                                      :
                          Plaintiff,  :
                                      :         24-CV-9148 (VEC)
             -against-                :
                                      :         OPINION & ORDER
                                      :
BLUECROSS BLUESHIELD OF ILLINOIS,     :
                                      :
                                      :
                          Defendant.  :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Northeast Plastic Surgery PLLC ("Plaintiff") is a plastic surgery practice that is an out-of-network BlueCross BlueShield ("BCBS") provider. Compl. ¶¶ 1, 8, Dkt. 15–1.[1] It performed two corrective surgeries on E.A. ("EA"), who is an infant-beneficiary of a health care plan administered by BCBS ("Defendant"). *Id.* ¶¶ 6–7. Plaintiff submitted its bills for EA's surgeries to Defendant. *Id.* ¶¶ 14, 18. When Defendant paid only a portion of the billed amount, Plaintiff sued. *See generally* Compl. Plaintiff brings a promissory estoppel claim, alleging that Defendant's grant of authorization for EA's surgeries constituted a clear and definite promise of full payment. *Id.* ¶¶ 32–37. Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Def. Mot., Dkt. 8. For the following reasons, Defendant's motion is GRANTED.

---

[1] Plaintiff filed this case in New York Supreme Court, and Defendant removed it based on diversity jurisdiction. *See* Am. Notice of Removal, Dkt. 15.

1

## BACKGROUND[2]

On January 17, 2021, and February 5, 2021, Plaintiff performed two surgeries on EA to correct his bilateral congenital ear deformities. Compl. ¶¶ 6, 13, 16.[3] At the time of the surgeries, EA was the beneficiary of an employer-based health care plan administered by Defendant. *Id.* ¶ 7. Plaintiff is an out-of-network provider for Defendant and does not have a contract with Defendant that would determine the reimbursement rate for medical care it provides. *Id.* ¶ 8.

According to Plaintiff, prior to the surgeries, Defendant granted EA an "in-network exception" (the "Authorization") pursuant to which Defendant agreed to cover EA's surgeries as if Plaintiff were an in-network provider. *Id.* ¶¶ 9–10, 12. Following EA's surgeries, Plaintiff submitted bills to Defendant totaling $160,750. *Id.* ¶¶ 14, 18. Defendant paid Plaintiff $14,122.69, leaving $146,627.31 unpaid by Defendant. *Id.* ¶¶ 15, 19. Plaintiff appealed but has no record of Defendant's response.[4] *Id.* ¶¶ 26–27.

Plaintiff brings one claim for promissory estoppel. *Id.* ¶¶ 32–37. Plaintiff alleges that Defendant's communications with Plaintiff and the Authorization constituted a promise of full payment for Plaintiff's treatment of EA and that Plaintiff reasonably relied on that promise when it performed the surgeries. *See id.* ¶¶ 28, 33, 35.

---

[2] The Court presumes the truth of the well-pled factual allegations in the Complaint at this stage in the litigation. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

[3] Elsewhere in the Complaint, Plaintiff refers to three surgeries. *See* Compl. ¶ 26. The Court presumes that to be a typographical error and that Plaintiff only performed two surgeries on EA, although the number of surgeries is irrelevant to the resolution of this motion.

[4] It is not clear to the Court what Plaintiff means when it alleges that it has "no record of Defendant's response." That could mean that Defendant responded and Plaintiff lost or misplaced the response, or it could mean that Defendant never responded.

# DISCUSSION

## I. Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted). The Court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## II. Plaintiff Fails to State a Claim for Promissory Estoppel

To state a claim for promissory estoppel under New York law, a plaintiff must allege (1) a "clear and unambiguous promise"; (2) "reasonable and foreseeable reliance by the party to whom the promise [was] made"; and (3) "injury sustained by the party asserting the estoppel by reason of the reliance." *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995) (citations omitted). Vague and indefinite promises are not actionable under a theory of promissory estoppel. *Rowe Plastic Surgery of N.J., L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 203 (S.D.N.Y. 2023). Furthermore, a finding of reasonable reliance is precluded if "an express provision in a [writing] contradicts a prior alleged representation in a meaningful fashion." *Thayer v. Dial Indus. Sales, Inc.*, 85 F. Supp. 2d 263, 272 (S.D.N.Y. 2000).

Plaintiff has failed to allege facts from which the Court can plausibly infer that Defendant made a "clear and unambiguous promise" to pay Plaintiff the full amount of its bills for treating EA. *Cyberchron Corp.*, 47 F. 3d at 44. Contrary to Plaintiff's allegations, the only definite representation made by the Authorization was that Defendant approved the procedure as

3

"medically necessary." Declaration of Benjamin Watson ("Watson Decl."), Ex. 1 at 1, Dkt. 9.[5] The Authorization contains no promise to pay any amount, let alone a promise to pay Plaintiff's bills in full. *See Rowe Plastic Surgery*, 705 F. Supp. 3d at 204. Instead, the Authorization, at most, suggests that Defendant was prepared to pay something for EA's surgeries; that falls substantially short of a "declaration to do" so, which is required to state a claim for promissory estoppel. *Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 448 (S.D.N.Y. 2006).

Even if the Court were to ignore the pleading requirements for the first element of promissory estoppel, Plaintiff's claim would still flounder on the second: facts tending to show Plaintiff's reliance was reasonable and foreseeable. The Authorization states in unmistakable capital letters, "APPROVAL DOES NOT GUARANTEE PAYMENT", and it further states: "[w]hen an out-of-network provider is used, the patient may be responsible for any charges above the amount allowed for in-network benefits." Watson Decl., Ex. 1 at 1–2. The written terms of the Authorization thus contradict "in a meaningful fashion" any representation to Plaintiff that Defendant would pay all or any specific portion of Plaintiff's bill for EA's treatment. *Thayer*, 85 F. Supp. 2d at 272.

Because Plaintiff has failed to allege facts from which the Court can infer that Defendant made a clear and unambiguous promise to Plaintiff and that Plaintiff reasonably relied on that communication, Defendant's motion to dismiss is granted.

---

[5] Although the Court is generally confined to "the allegations contained within the four corners of [the] complaint," *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017), it may consider materials attached to the complaint or incorporated by reference, documents in Plaintiff's possession or of which Plaintiff had knowledge and relied on in bringing suit, as well as matters appropriate for judicial notice, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Courts have discretion also to consider "information in the movant's papers" in situations in which the "plaintiff has actual notice of all the information" and "has relied upon these documents in framing the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Complaint alleges that Defendant granted Plaintiff an in-network exception. Compl. ¶ 9. Because the Authorization is incorporated by reference into the Complaint, the Court may consider it in deciding this motion.

**III.     Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "should freely [be] give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). When a court grants a motion to dismiss, "the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citations omitted). To this end, leave to amend is appropriate "[i]n the absence of any apparent or declared reason" such as futility of amendment. *Gutkowski v. Steinbrenner*, 680 F. Supp. 2d 602, 608–09 (S.D.N.Y. 2010). Plaintiff does not seek leave to amend its Complaint. Defendant, however, seeks to dismiss the Complaint with prejudice. Def. Mem. at 9, Dkt. 10.

The Complaint alleges vaguely that Plaintiff relied on "the communications with Defendant" and the Authorization as a promise of full payment. Compl. ¶ 28.[6] An oral promise can form the basis of a promissory estoppel claim. *See Thayer*, 85 F. Supp. 2d at 271. Moreover, courts in this Circuit have sustained promissory estoppel claims at the motion to dismiss stage where the alleged promise was based on telephone communications. *See, e.g.*, *Icahn Sch. of Med. at Mount Sinai v. Health Care Serv. Corp.*, 234 F. Supp. 3d 580, 582, 586 (S.D.N.Y. 2017) (finding a hospital stated a claim for promissory estoppel where the alleged promise derived from verification calls from the insurance company regarding the rate of reimbursement the insurer would pay for out-of-network care provided by the hospital). Vague allegations of "communications" with Defendant are not, however, adequate to survive a motion to dismiss. *Cf.* Declaration of Joseph G. Devine Jr. ("Devine Decl."), Ex. A, Dkt. 21–2 (Oral

---

[6]     In its opposition brief, Plaintiff asserts that Defendant communicated directly with Plaintiff telephonically and that it is that oral communication, not the written Authorization, on which Plaintiff relies to state a claim for promissory estoppel. Pl. Opp. at 6, Dkt. 21. Plaintiff cannot amend the Complaint through its opposition brief. *See LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 580 (S.D.N.Y. 2017) (citations omitted).

Arg. Tr. at 15:10–16:17, *Usal v. Anthem, Inc.*, No. 20-cv-04678 (S.D.N.Y. Mar. 24, 2022) (holding that a doctor sufficiently alleged a promise from insurance company regarding coverage of the doctor's services when he provided "specific reference numbers for the relevant telephone communications" on which the alleged promise was premised)).

Although it seems likely that if Plaintiff had facts regarding the oral communications to which it vaguely refers it would have included them in the Complaint (or in an Amended Complaint after seeing the Defendant's motion to dismiss), the Court cannot rule out the possibility that such facts exist.[7]  Accordingly, Plaintiff is granted leave to file an amended complaint to address the deficiencies identified above.  Plaintiff's Amended Complaint must be filed by no later than May 20, 2025.[8]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to terminate Dkt. 8.

**SO ORDERED.**

**Date:  April 22, 2025**                                                                                  _____
**         New York, New York**                                                                    **VALERIE CAPRONI**
                                                                                                                           **United States District Judge**

---

[7]   To be clear, in granting leave to amend, the Court is not prejudging whether Plaintiff will be able to adequately allege facts to satisfy the "reasonable reliance" prong of promissory estoppel given the wording of the written Authorization.

[8]   Plaintiff is reminded that the Undersigned's Individual Rule 4(E)(i) requires plaintiffs to file a redlined version of the amended pleading comparing the revisions made to the prior version of the pleading.